{¶ 41} I concur in the majority's analysis and disposition of appellant's first, third, and fourth assignments of error. I further concur in the majority's analysis and disposition of appellee's first and second assignments of error raised in the crossappeal.
 {¶ 42} I write separately only with respect to appellant's second assignment of error. I concur in the majority's disposition. My decision to do so is based upon the fact appellant cannot invoke the equitable remedy of recision due to impossibility of performance when appellant's act, or failure to act, created the impossibility to perform. The failure of appellant to pay off the $50,000 lien, as agreed, resulted in the foreclosure. Appellant cannot reap the benefit of unilateral recision when it was its own failure to perform as agreed which created the impossibility of its performance.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part. Costs to be paid 83 percent by appellant and 17 percent by appellee.